An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

THOMAS A. CAMPBELL, INDIVIDUALLY,
Appellant,
vs.
THE DAVID LAPIN LIMITED
PARTNERSHIP D/B/A AMERICANA 5, A
DOMESTIC LIMITED PARTNERSHIP,
Respondent.

No. 63094

FILED

APR 1 6 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a post-judgment district court order denying a new trial in a tort action. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

Appellant Thomas A. Campbell sued respondent the David Lapin Limited Partnership for various torts relating to Campbell's injuries suffered during a robbery attempt while he was staying in a room at respondent's motel. After trial, Campbell moved for a new trial, alleging that respondent's counsel had engaged in unobjected-to misconduct by asking improper voir dire questions[1] and making improper race-related and personal-knowledge closing arguments. The district court denied Campbell's motion for a new trial, and Campbell appealed.

This court reviews orders granting or denying motions for a new trial for an abuse of discretion but reviews de novo the question of whether an attorney's comments constitute misconduct. *Lioce v. Cohen,*

---

[1]The portions of the record provided to this court do not indicate that any jurors were challenged or struck based on their answers to these questions or that disparate race-based questioning occurred.

15-11486

124 Nev. 1, 20, 174 P.3d 970, 982 (2008). In the context of unobjected-to misconduct, the attorney's conduct must rise to plain error to warrant a new trial; and plain error in this context is an "irreparable and fundamental error . . . that results in a substantial impairment of justice or denial of fundamental rights such that, but for the misconduct, the verdict would have been different." *Id.* at 19, 174 P.3d at 982. Having reviewed the briefs and appendices filed in this matter, we conclude that no such "substantial impairment of justice or denial of fundamental rights" occurred during voir dire or the closing arguments, and therefore, the district court did not abuse its discretion in denying Campbell's motion for a new trial. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Jerry A. Wiese, District Judge
       William C. Turner, Settlement Judge
       Thomas & Springberg, P.C.
       Pyatt Silvestri & Hanlon
       Mandelbaum, Ellerton & Associates
       Eighth District Court Clerk